**Timothy J. Bernasek, OSB No. 990273**
**Email: tbernasek@dunncarney.com**
**Chelsea J. Glynn, OSB No. 114004**
**Email: cglynn@dunncarney.com**
Dunn Carney Allen Higgins & Tongue LLP
851 SW Sixth Avenue, Suite 1500
Portland, OR  97204-1357
Telephone: 503.224.6440
Fax: 503.224.7324

    Attorneys for Defendants Coleman Industries, Inc.,
    Coleman Agriculture, Inc., and wafla

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **MARIA ORTIZ BAZAN, MARISELA HERNANDEZ, BERNABE COTES REYES, MARTINA ANASTASIO HERNANDEZ, ASUNCION REYES PEREZ, LEONARDO SILVA CHAVEZ, RUFINO RENDON** and **JUAN TORIBO LOPEZ,** individuals,<br><br>               Plaintiffs,<br><br>   v.<br><br>**COLEMAN INDUSTRIES, INC,** an Oregon Domestic Business Corporation and **COLEMAN AGRICULTURE, INC.,** an Oregon Domestic Business Corporation, and **WAFLA,** a Washington non-profit organization,<br><br>               Defendants. | Case No. 6:19-cv-01823-MK<br><br>**DEFENDANTS' SUPPLEMENTAL BRIEFING** |

///

///

Defendants Coleman Industries, Inc., Coleman Agriculture Inc. and wafla submit the following supplemental briefing in support of their motion for partial summary judgment.

## INTRODUCTION

During oral argument on Defendant's Partial Motion for Summary Judgment on February 9, 2021, the parties requested an opportunity to provide the Court with supplemental briefing. The request concerned whether the regulations of the federal H-2A guest worker program require an employer to notify a farm labor contractor or recruit a farm labor contractor's employees who previously worked in corresponding employment with the employer as part of the program's recruitment requirement. The Court granted the request and ordered that this briefing was to be no more than five pages and was to be entered within thirty (30) days.

In sum, there is no regulatory requirement in the H-2A program for an employer to provide notice to a farm labor contractor, regardless of whether the employer has utilized the farm labor contractor in the past. Similarly, there is no regulatory requirement in the H-2A program for an employer to provide notice to the employees of a farm labor contractor. Finally, while not directly related to the specific issue addressed here, it is important to note that the H-2A program is also available to farm labor contractors, many of whom use it to obtain workers for their client farms as provided in 20 CFR Subpart B §655.132.

## APPLICABLE REGULATION

The H-2A program requires an employer, as part of the H-2A recruitment requirements, to contact *its employees* from the prior season and solicit the return of those former employees. As specified at 20 C.F.R § 655.153:

> Contact with former U.S. employees. The employer must contact, by mail or other effective means, its former U.S. workers (except those who were dismissed for cause or who abandoned the worksite) employed by the employer in the occupation at the place of employment during the previous year and solicit their return to the job. This contact must occur during the period of time that the job order is being circulated by the SWA(s) for interstate clearance and documentation sufficient to prove contact must be maintained in the event of an audit.

The H-2A regulations define an "employee" as:

> *A person who is engaged to perform work for an employer, as defined under the general common law of agency*. Some of the factors relevant to the determination of employee status include: The hiring party's right to control the manner and means by which the work is accomplished; the skill required to perform the work; the source of the instrumentalities and tools for accomplishing the work; the location of the work; the hiring party's discretion over when and how long to work; and whether the work is part of the regular business of the hiring party. Other applicable factors may be considered and no one factor is dispositive.

20 C.F.R. § 655.103(b) (emphasis added).

## RULEMAKING: 2019-2021

In a 2019 DOL H-2A proposed rulemaking, DOL purportedly sought to "clarify" that an employer's obligation at 20 C.F.R § 655.153 to solicit the return of its former employees extends to workers provided by a farm labor contractor. There is no record of the agency attempting to propose or enforce this requirement prior to the 2019 proposed rulemaking.

In 2021, in response to comments received on the proposal, DOL further clarified in a final rule that 20 C.F.R § 655.153 requires employers to contact workers provided by a farm labor contractor in the previous year only if those workers were jointly employed (under common law) with the farm labor contractor. DOL's explanation of this clarification appeared in a final rule posted on the DOL website on January 15, 2021.

However, the 2019 rulemaking has been withdrawn. The final rule did not take effect before January 20, 2021, and the Biden Administration has withdrawn it, including removing the text of the final rule from the DOL website. *See* https://www.dol.gov/agencies/eta/foreign-labor (visited March 8, 2021).[1]

The "clarification" expressed by DOL in the 2019 - 2021 H-2A rulemaking had not been previously announced by DOL in the near 40-year history of the H-2A program. Given this

---

[1] January 20, 2021. *U.S. Department of Labor Withdraws Forthcoming H-2A Temporary Agricultural Program Rule for Review*

On January 15, 2021, the U.S. Department of Labor (Department) announced and posted on the Office of Foreign Labor Certification's website a forthcoming final rule, Temporary Agricultural Employment of H-2A Nonimmigrants in the United States (RIN 1205-AB89), pending publication in the Federal Register with a 30-day delayed effective date. On January 20, 2021, the Department withdrew this document from the Office of the Federal Register prior to its publication for the purpose of reviewing issues of law, fact, and policy raised by the rule, and therefore it will not take effect. The Department will notify the public of any further actions as appropriate once it completes its review.

background, it is clear that there was no requirement for an employer to directly recruit farm labor contractor employees in the years 2017-18 (the years applicable to the current matter). While there was an attempt to add this requirement in the recent months in situations where a joint employment relationship occurs between the employer and the farm labor contractor, which would have impacted 2021 job orders, that rule has been withdrawn leaving the current process in place.

## CONCLUSION

The H-2A program allows farmers to offer visas to foreign workers and hire them directly if the farm guarantees higher wages, better working conditions, housing, and most important of all, the dignity of legal presence. However, and importantly, the H-2A program also requires the same terms must be offered to workers in the United States who will be engaged in corresponding employment. As discussed in the Defendant's briefing in this matter, all such recruitment requirements were met by Defendants in this case.

Dated this 8th day of March, 2021.

DUNN CARNEY ALLEN HIGGINS & TONGUE LLP

*/s/ Timothy J. Bernasek*
**Timothy J. Bernasek, OSB No. 990273**
**Email: tbernasek@dunncarney.com**
**Chelsea J. Glynn, OSB 114004**
**Email: cglynn@dunncarney.com**
Attorneys for Defendants Coleman Industries, Inc., Coleman Agriculture, Inc., and wafla